## HESTER v. INDUSTRIAL LUMBER CO.

### No. 1988.

Court of Appeal of Louisiana. First Circuit.

June 6, 1939.

Julius T. Long, of Shreveport, for appellant.

Gist & Thornton, of Alexandria, for appellee.

LE BLANC, Judge.

This is a compensation suit in which the plaintiff claims that he is entitled to recover compensation at the rate of $7.95 per week as for total permanent disability arising out of a serious condition of varicose veins on both of his legs which grew out of an accident sustained by him while in the performance of his duties as a water-boy, carrying water for and to a crew of men employed by the defendant lumber company engaged at the time in clearing and cutting a right of way for a tram railroad in the Parish of Beauregard.

Plaintiff alleges that on or about June 9, 1937, while walking on timbers, crossing a ditch or gully, he fell astride one of the timbers and the inner parts of both of his legs were so injured and bruised from his ankles to his groins as to seriously have impaired the blood vessels, nerves and tissues and so caused the varicose veins he complains of.

He alleges also that the defendant knew of the nature and extent of his injuries as he was treated by its physician for many weeks thereafter and was paid compensation in the sum of $86.15, the last payment having been made about October 2, 1937.

He alleges that many years before the accident he had been burned on the inner parts of his legs and probably the tissues and other parts were in a weakened condition and were therefore with lesser resistance to the injury he sustained in the fall and it was therefore easier than under normal conditions for the said injury to have brought about the varicose veins he is suffering from.

The defendant, for answer, admits the employment of the plaintiff and the rate of pay set out by him in his petition, but it denies that it owes him any compensation for the reason that he suffered no injuries or disabilities as set out by him. It admits that its physician, Dr. Saint, treated him for varicose veins some time in June, 1937, and put him on sick benefit and non-industrial insurance under which all its employees were covered as a group but which is in no manner connected with nor does it cover injuries from industrial accidents. Defendant avers that plaintiff is afflicted with varicose veins of his legs but that the condition is due entirely to natural causes or to a diseased condition and was neither caused nor aggravated by the injury alleged to have been sustained by him while in its employ.

After the testimony had been taken and the case closed, but before judgment was rendered, plaintiff filed a motion in the district court to reopen the case for the taking of the testimony of two witnesses on the question as to whether or not he had actually fallen on the log as alleged and testified to by him. He made a proper showing by attaching the affidavit of the two witnesses whose testimony he alleges

he had not discovered until a few days before..

The trial judge refused to reopen the case at the same time that he rendered judgment in favor of the defendant as he was of the opinion that, granting the plain-tiff had fallen, as alleged by him, the further proof to be adduced on that point would not change his opinion. He dismissed the plaintiff's suit, whereupon this appeal was taken.

In this court plaintiff stresses his motion to have the case reopened and asks us to remand it to the lower court for the purpose of having the testimony of the witnesses referred to therein taken. After quoting the opinion of the trial judge on the subject of the motion to reopen, counsel states that it will be hard to explain why the testimony of those witnesses to be produced by him, if true, would not change the results. The district judge evidently did not believe that the fall which plaintiff sustained, granting that he did fall as alleged and testified to by him was of such nature as to have produced the terrible condition of varicose veins which he now complains of.

The only question involved in the case after all resolves itself into one that has to be decided on the medical testimony found in the record. That question is, could such a condition as was found in plaintiff's legs by the examining physician five days after the accident, have been produced from such an accident and in such a short period of time?

We regard the testimony of plaintiff's own witness, Dr. H. R. Officer as very vague and indefinite on this point. With him it seems to be a matter of probability or possibility only. He finally says that he figures that the injury could have caused the condition and gives his reasons which are refuted by the testimony of other experts who testified and as stated by the trial judge are not convincing. Reference is made to testimony of Dr. R. L. Love, who also was plaintiff's witness, but it is not found in the transcript. Plaintiff made no effort to procure it and we take it therefore that it could not have been very favorable to his cause.

The experts who testified for the defendant were Dr. R. G. Holcombe, Dr. P. K. Rand and Dr. Saint. The last named as already stated treated plaintiff following his alleged injury. They are all positive that the injury which plaintiff claims to have sustained could not possibly have caused the condition which Dr. Saint observed when he first saw the plaintiff a few days subsequent thereto.

There is some doubt from what testimony we find in the record that this plaintiff ever did fall astride of a log as he claims. He refers to certain parties who saw him fall. One of these who testified denies that he fell or that he saw him when he fell and the other did not appear as a witness. Dr. Saint's testimony is to the effect that he saw no skin abrasions on the plaintiff's legs when he examined him a few days afterwards. If the fall was so violent as to cause the trouble he now complains of it would seem to us that there would have been some indications on the skin of his legs in the form of skin abrasions or marks of some kind. However in view of the medical testimony found in the record we are of the same opinion as was the district judge that even if plaintiff did fall as he claims, his present injury has no connection with that fall, neither was the former condition which he says he had, aggravated by it.

Judgment affirmed.